IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MATTHEW JAMES KENNEDY,<br><br>Plaintiff,<br><br>vs.<br><br>STUART PARKER, CEO, USAA, *et al.*,<br><br>Defendants. | CIVIL NO. 18-00068 DKW-KJM<br><br>**ORDER (1) GRANTING DEFENDANTS WELLS FARGO BANK, N.A. AND NICHOLAS GUILLIAM'S MOTION TO DISMISS WITH LEAVE TO AMEND; AND (2) DENYING PLAINTIFF'S PENDING MOTIONS** |

## **INTRODUCTION**

Kennedy, proceeding pro se, initiated this case on February 20, 2018, against Defendants Nicholas Guilliam and Wells Fargo; Stuart Parker and USAA Federal Savings Bank; and Sam Anderson and Chase Bank, alleging only that "all three banks continued to charge [him] for accounts [he] did not open," and seeking to "[r]epair all 3 credit reports." Compl. at 9–10, Dkt. No. 1.[1] Because Kennedy fails to allege facts demonstrating that he is plausibly entitled to relief from any defendant or that establish this Court's subject matter jurisdiction, the Wells Fargo Defendants' Motion to Dismiss is GRANTED. As detailed below, the Complaint is dismissed with leave to amend in order to allow Kennedy the opportunity to

---

[1]Kennedy voluntarily dismissed with prejudice his claims against the Chase Bank Defendants (Dkt. No. 16) and the USAA Defendants (Dkt. No. 24).

(1) clearly identify the parties he intends to sue; (2) identify the basis for the Court's subject matter jurisdiction; and (3) assert plausible claims for relief. All of Kennedy's pending motions are DENIED as moot.[2]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct"

---

[2]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

Because Kennedy is proceeding pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). A court may, however, deny leave to amend where further amendment would be futile. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

## **DISCUSSION**

Even liberally construed, the Complaint fails to allege any discernable basis for relief against any party. Kennedy's threadbare allegations do not provide sufficient factual content or demonstrate that he is plausibly entitled to relief.

3

Because amendment may be possible, the Court grants Kennedy leave to file an amended complaint, with instructions below.

I.      **Defendants' Motion to Dismiss Is Granted**

The Complaint suffers from several deficiencies.   Although Kennedy asserts a federal question as the basis for the Court's subject matter jurisdiction under 28 U.S.C. § 1331, and lists generally the Depository Institutions Deregulation and Monetary Control Action of 1980 ("the DIDA"), the Complaint does not further specify any particular provision in the DIDA under which his claims arise.   He states only that "all three banks continued to charge me for accounts I did not open," Compl. at 9, and requests that they "[r]epair all 3 credit reports."   *Id.* at 10.   That is all.[3]   Dismissal is appropriate due to the Complaint's "'lack of a cognizable legal theory [and] the absence of sufficient facts alleged.'"   *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).   To the extent the Court is able to discern specific claims or causes of action, it addresses them below in order to provide guidance on the filing of an amended complaint.

---

[3]In subsequent filings with the Court, Kennedy clarified that he previously contacted Wells Fargo to request that it close all accounts and that he "filed a fraud case with Wells Fargo on Jan 10, 2018, but as of June 2, 2018, [he] ha[s] not heard back on the case."   Dkt. No. 25 at 1.   Kennedy contends that this "is a fraudulent practice since I requested all accounts to be closed off 4 months earlier.   However[,] Wells Fargo continued to charge me late fees and interest for an account they could not verify I opened."   *Id.*   These allegations, however, appear nowhere in the Complaint, and the Court is simply left to guess as to the factual and legal bases of Kennedy's claims as pled.

### B. The Complaint Fails to State a Claim for Relief

First, the Complaint fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Neither Kennedy's Complaint naming Wells Fargo and Nicholas Guilliam nor his subsequent filings sufficiently indicate who is being sued, in what capacity, or on what basis, in this civil action. Even applying the most liberal pleading standard, the Court cannot discern from the pleadings the conduct on which any *claim* is based, other than a vague grievance related to Kennedy's accounts and credit reports. These bare allegations fail to state a claim and do not contain adequate factual content to allow the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged.

Second, to the extent Kennedy attempts to allege claims against any defendant based upon fraud or fraudulent conduct, the Complaint does not satisfy Federal Rule of Civil Procedure 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). An allegation of fraud is sufficient if it "identifies the circumstances constituting fraud so that the

defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (internal citations and quotations omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). A plaintiff must also explain why the alleged conduct or statements are fraudulent. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994) (en banc), *superseded by statute on other grounds by* 15 U.S.C. § 78u-4. The Complaint does not sufficiently identify such facts as the times, dates, places, or other details of the alleged fraudulent activity. *Neubronner*, 6 F.3d at 672. Although unclear, to the extent Kennedy attempts to allege any claim sounding in fraud, the claim is dismissed. Because amendment *may* be possible, dismissal is with leave to amend.

### B. Subject Matter Jurisdiction Is Lacking

Further, claims may also be dismissed where the Court does not have federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "Federal courts are

courts of limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two ways. First, he may assert federal question jurisdiction based on allegations that a defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The United States Supreme Court has recognized that a "plaintiff properly invokes § 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Second, a plaintiff may invoke the court's diversity jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In order to establish diversity jurisdiction, a plaintiff must establish complete diversity of the parties. *See Morris v. Princess Cruises, Inc.*, 236 F.3d

1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants").

As noted above, although Kennedy asserts federal question jurisdiction by generally invoking the DIDA, he fails to state a claim for violation of the Act or otherwise plead a colorable claim arising under the Constitution or laws of the United States. Fraud claims are state law-based, and by themselves, do not provide a basis for the invocation of this Court's jurisdiction. Kennedy should clearly set forth the basis for the Court's subject matter jurisdiction if he elects to file an amended complaint.

## II.  **Kennedy's Pending Motions Are Denied as Moot**

After the close of briefing on the Wells Fargo Defendants' Motion to Dismiss, Kennedy filed both a (1) Motion to Continue Case[4] (Dkt. No. 25); and (2) a Motion for Reconsideration (Dkt. No. 27). Both pending motions seek leave to supplement the record to present briefing or evidence in support of Kennedy's claims in opposition to the Wells Fargo Defendants' Motion. Because the Court has

---

[4]Although styled as a Motion to Continue, the Court construes the filing, in part, as an untimely memorandum in opposition to the Wells Fargo Defendants' Motion, which the Court prohibited in a June 4, 2018 Entering Order ("EO"). To the extent Kennedy seeks to file an untimely opposition brief, the Court again reminds him that the time to file an opposition has passed, and the Court therefore STRIKES the late filing. *See* 6/4/18 EO, Dkt. No. 24.

dismissed Kennedy's Complaint and granted leave to amend in accordance with the terms of this order, his pending motions are DENIED as moot.

## III. Kennedy Is Granted Leave to Amend

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed. R. Civ. P. 15(a). The Ninth Circuit instructs "that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted).

The Complaint is dismissed without prejudice, and Kennedy is granted leave to amend to attempt to cure the deficiencies identified above. If Kennedy chooses to file an amended complaint, he must write short, plain statements identifying: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Kennedy fails to affirmatively link the conduct of each named

9

defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the prior complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Kennedy may include only one claim per count. Failure to file an amended complaint by **July 16, 2018** will result in the automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based upon the foregoing, the Court GRANTS the Wells Fargo Defendants' Motion to Dismiss (Dkt. No. 18) and DISMISSES Kennedy's Complaint with leave to amend.

Kennedy is GRANTED leave to file an amended complaint in accordance with the terms of this Order by **July 16, 2018**. The Court CAUTIONS Kennedy that failure to file an amended complaint by **July 16, 2018** may result in the automatic dismissal of this action without prejudice.

Kennedy's remaining motions (Dkt. Nos. 25 and 27) are DENIED as moot.

IT IS SO ORDERED.

DATED: June 12, 2018 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Kennedy v. Parker et al.*, CV. NO. 18-00068 DKW-KJM; **ORDER (1) GRANTING DEFENDANTS WELLS FARGO BANK, N.A. AND NICHOLAS GUILLIAM'S MOTION TO DISMISS WITH LEAVE TO AMEND; AND (2) DENYING PLAINTIFF'S PENDING MOTIONS**