IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MATTHEW JAMES KENNEDY,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK,<br><br>Defendant. | CIVIL NO. 18-00068 DKW-KJM<br><br>**ORDER GRANTING DEFENDANTS WELLS FARGO BANK, N.A. AND NICHOLAS GUILLIAM'S MOTION TO DISMISS** |

# **INTRODUCTION**

Kennedy, proceeding pro se, filed a First Amended Complaint against Wells Fargo on June 14, 2018, alleging that it failed to close his accounts as requested, and as a result, an unpaid line of credit—that he disputes opening—continued to accrue interest, to the detriment of his credit rating. First Am. Compl. ("FAC") at 2–5, Dkt. No. 29.[1] The FAC, however, suffers from the same deficiencies as Kennedy's prior Complaint, previously identified in the Court's June 12, 2018 Order dismissing his claims with leave to amend. Dkt. No. 28 (6/12/18 Order). Because Kennedy

---

[1]Kennedy initiated this matter on February 20, 2018, against Defendants Nicholas Guilliam and Wells Fargo; Stuart Parker and USAA Federal Savings Bank; and Sam Anderson and Chase Bank, alleging only that "all three banks continued to charge [him] for accounts [he] did not open," and seeking to "[r]epair all 3 credit reports." Compl. at 9–10, Dkt. No. 1. Kennedy voluntarily dismissed with prejudice his claims against the Chase Bank Defendants (Dkt. No. 16) and the USAA Defendants (Dkt. No. 24). Only Wells Fargo Bank is named in the FAC. Because Guilliam is not named in the FAC, which supersedes the original Complaint, he has already been terminated as a defendant in this action, and only Wells Fargo will be further discussed.

once more fails to allege sufficient facts demonstrating that he is plausibly entitled to relief, Wells Fargo's Motion to Dismiss is GRANTED. Because Kennedy again fails to state a claim for relief, and because the Court determines that further leave to amend would be futile, the FAC is DISMISSED WITH PREJUDICE.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

Because Kennedy is proceeding pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). A court may, however, deny leave to amend where further amendment would be futile. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

## **DISCUSSION**

Even liberally construed, the FAC fails to allege any discernable basis for relief against Wells Fargo. Kennedy's threadbare allegations do not provide sufficient factual content or demonstrate that he is plausibly entitled to relief. Because Kennedy has proven unable to cure the deficiencies previously identified in

3

the Court's 6/12/18 Order, the Court GRANTS the Motion to Dismiss without further leave to amend, as detailed below.

I. **<u>Defendant Wells Fargo's Motion to Dismiss Is Granted</u>**

The FAC, like its predecessor, suffers from several deficiencies. Although Kennedy asserts diversity jurisdiction as the basis for the Court's subject matter jurisdiction under 28 U.S.C. § 1332(a) and seeks damages in the amount of $75,000, the FAC does not specify any particular statutory or common law right under which his claims arise. Dismissal is appropriate due to the FAC's "'lack of a cognizable legal theory [and] the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

In the FAC, Kennedy alleges that "Wells Fargo has failed to provide any documentation that I opened the account in question." FAC at 1. It appears that he directed Wells Fargo to close any open accounts he held at the bank, but it failed to comply. According to Kennedy, he "asked for all accounts to be closed in September of 2016. Wells Fargo closed checking account [X]619 but failed to close or even disclose the revolving line of credit account." FAC at 2. Instead, it "charged excessive interest rates." FAC at 3. Later in the FAC, he expands upon Wells Fargo's failure to close the open line of credit—

> The bank failed to close the open line of credit account when I requested all of my Wells Fargo accounts were to be closed in September of 2016. The bank closed my credit card account [X]619 in September of 2016; however, they let the open line of credit account remain open so they could charge additional fees and interest rates. I did not find out about this account until Jan 24, 2017 when my divorce was final[.]
>
> Wells Fargo has reported this open line of credit as late to the 3 major bureaus as late and this has caused my credit to suffer. The account was closed by Wells Fargo in April of 2017 and for some unknown reason the bank reclosed this account in May of 2018.

FAC at 4–5.

Once more, it is unclear the causes of action that Kennedy seeks to assert against Wells Fargo. As before, and despite the Court's guidance, Kennedy again fails to include necessary relevant facts or legal authority in support of his claims. The FAC, in other words, repeats the very same deficiencies previously discussed in the 6/12/18 Order. As best the Court can discern, liberally construing his allegations in light of the complaints and orders from out-of-jurisdiction cases that are attached to the FAC, it appears that Kennedy seeks to allege claims sounding in breach of contract, fraud, negligence, and the Fair Credit Reporting Act against Wells Fargo. *See* FAC at 2 (citing cases). For example, the FAC cites "American Express Centurian Bank v. Alfonso Sebia," for the proposition that "[b]ecause the bank failed to prove the existence of this contract, or any other agreement, the bank's claim must fail," and also to "Discovery Bank v. Swartz," for his contention that

"Wells Fargo does not identify the date of default and does not demand for interest." FAC at 2. Copies of the complaints and the state court decisions appended to the FAC also involve claims arising out of cardmember services agreements, intentional misrepresentation, and federal consumer protection statutes. To the extent Kennedy attempts to raise such claims in the FAC, the Court addresses them below.

First, although unclear, insofar as Kennedy attempts to allege a breach of contract claim against Wells Fargo, he fails to allege the necessary facts or to provide the most basic assertions required to state such a claim. To sufficiently allege a breach of contract claim, a plaintiff must plead "(1) the contract at issue; (2) the parties to the contract; (3) whether [the claimant] performed under the contract [or an offer and ability to perform or a valid excuse for a failure to perform]; (4) the particular provision of the contract allegedly violated by [the other party]; and (5) when and how [that party] allegedly breached the contract." *Philadelphia Indem. Ins. Co. v. Ohana Control Sys., Inc.*, 289 F. Supp. 3d 1141, 1147 (D. Haw. 2018) (quoting *Illinois Nat'l Ins. Co. v. Nordic PCL Const., Inc.*, 870 F.Supp.2d 1015, 1034–35 (D. Haw. 2012)). Again, he does not point to any contractual provision that Wells Fargo has breached.[2] *See Iqbal*, 556 U.S. at 678 (explaining

---

[2] Indeed, it appears that Kennedy alternatively argues that *no* express contract exists with respect to this account. He states: "I have asked the defendant to produce the document that I signed to open this line of credit account but as of June 14, 2018 Wells Fargo Bank has not sent one." FAC at 5.

6

that a claimant must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Second, as previously explained in the 6/12/18 Order, to the extent Kennedy attempts to allege claims based upon fraudulent conduct or intentional misrepresentations, the FAC does not satisfy Federal Rule of Civil Procedure 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). An allegation of fraud is sufficient if it "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (internal citations and quotations omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). A plaintiff must also explain why the alleged conduct or statements are fraudulent. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994) (en banc), *superseded by statute on other grounds by* 15 U.S.C. § 78u-4. Once more, the FAC does not sufficiently identify with the necessary precision such facts as the times, dates, places, or other details of the alleged fraudulent activity. *Neubronner*, 6 F.3d at 672. Although unclear, to the extent Kennedy attempts to allege any claim sounding in fraud, the claim is dismissed.

Third, insofar as he asserts negligence on the part of Wells Fargo, the FAC does not allege facts supporting such a cause of action. The elements of a negligence claim under Hawaii law are: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *See Cho v. State*, 115 Hawai'i 373, 168 P.3d 17, 23 n.11 (2007); *see also Sung v. Hamilton*, 710 F. Supp. 2d 1036, 1054 (D. Haw. 2010) ("Under Hawai'i law, the elements of a cause of action for negligence are: 1. A duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; 2. A failure on the defendant's part to conform to the standard required: a breach of the duty; 3. A reasonably close causal connection between the conduct and the resulting injury; and 4. Actual loss or damage resulting to the interests of another.") (quoting *Doe Parents No. 1 v. State Dep't of Educ.*, 100 Hawai'i 34, 58 P.3d 545, 579 (2002)). The FAC's vague allegations fail to state a claim of negligence or even recite the formulaic elements of a cause of action necessary to state a claim of negligence.

Finally, liberally construing the FAC to assert a cause of action against Wells Fargo based upon false reporting to the three credit reporting bureaus, *see* FAC at 5, Kennedy fails to state a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, as a matter of law. Although the FAC implies that Wells Fargo failed to correct allegedly false information and caused his "credit to suffer,"

any duty to investigate and, if appropriate, correct information provided to a credit reporting agency ("CRA") under Section 1681s-2(b) is not triggered unless a CRA first notifies the furnisher of the information. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("These duties arise only after the furnisher receives notice of dispute from a CRA."). The FAC alleges only that Kennedy communicated with Wells Fargo, *see* FAC at 6, but this allegation is insufficient—the notification must come from a CRA. *See, e.g., Drew v. Equifax Info. Servs.*, 690 F.3d 1100, 1106 (9th Cir. 2012) ("[Plaintiff's] direct complaint to [the furnisher] . . . would not have triggered any duty since it was unaccompanied by CRA notification."). Without factual allegations that Kennedy notified a CRA of the alleged dispute, the FAC fails to state a claim for violation of Section 1681s-2(b). *See, e.g., Amina v. WMC Mortg. Corp.*, 2011 WL 1869835, at *11 (D. Haw. May 16, 2011) ("[I]t is only after (1) a consumer has notified a [CRA] of an inaccuracy, (2) the [CRA] has notified the furnisher, and (3) the furnisher has failed to take action, that a consumer may sue the furnisher.") (quoting *Diana I Am v. Nat'l City Mortg. Co.*, 2010 WL 571936, at * 10 (D. Haw. Feb. 17, 2010)); *Katz v. Am. Exp. Co.,* 2014 WL 6470595, at *11 (D. Haw. Nov. 18, 2014) ("Simply put, Plaintiffs cannot assert a FCRA violation where no CRA gave AMEX notice of a dispute as required by § 1681s-2(b)(1).").

## II. Dismissal Is Without Further Leave to Amend

In sum, even given a liberal construction and assuming the truth of the allegations in the FAC, Kennedy again fails to state any plausible claim for relief. Moreover, he neither adhered to the specific guidance nor heeded the prior warnings provided in the Court's earlier Order. Although the Court most recently permitted him limited leave to amend to attempt to cure the deficiencies noted in the 6/12/18 Order, together with the directions on how to do so, he has been unable to comply. Because Kennedy failed to cure the shortcomings in his claims or to adhere to the Court's prior Order, and again fails to state a claim for relief in the FAC, the Court finds that any further attempt to amend would be futile. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (a district court may deny leave to amend for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment"); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'") (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

## CONCLUSION

Based upon the foregoing, the Court GRANTS the Wells Fargo Defendants' Motion to Dismiss, Dkt. No. 30, and DISMISSES Kennedy's claims with prejudice.

The Clerk's Office is directed to close the case file.

IT IS SO ORDERED.

DATED: July 30, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Kennedy v. Wells Fargo Bank*, CV. NO. 18-00068 DKW-KJM; **ORDER GRANTING DEFENDANTS WELLS FARGO BANK, N.A. AND NICHOLAS GUILLIAM'S MOTION TO DISMISS**